Rufus K. Steele v. Commissioner.
Rufus K. Steele v. Commissioner
Docket No. 17096.
United States Tax Court
1948 Tax Ct. Memo LEXIS 120; 7 T.C.M. (CCH) 558; T.C.M. (RIA) 48155; August 11, 1948
Rufus K. Steele, pro se. T. W. Blankenship, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This case involves a deficiency in income tax for the calendar year 1944 in the amount of $408. Petitioner *121 filed his income tax return for 1944 with the collector of internal revenue, fourteenth district, at Albany, New York. The issue presented is whether respondent erred in disallowing certain deductions claimed by petitioner in his income tax return for the year involved. Findings of Fact * Petitioner's home is at Rensselaer, New York. His occupation in the taxable year was that of a railroad brakeman. His run was from at or near Rensselaer to Syracuse, New York and return. Petitioner claims as deductions from gross income for the taxable year the following items: Wrecked car
$ 700.00
Expenses away from home
300.00
Back taxes
205.00
Purchased old house for back taxes
100.00
Cost of carting away material after
tearing down house
75.00
Car insurance
58.00
Car license
18.50
Water rent
24.00
Railroad dues
30.00
Electric lights
48.00
Support of children $35 per week
1,820.00
Total expenses
$3,378.50
Respondent disallowed deductions for the above listed items. The items will be taken up in the order as they appear above. Petitioner owned a 1936 model automobile which he used almost exclusively in connection with his business. It was wrecked *122 beyond repair as result of driving on an icy road while petitioner was returning home from the end of his railroad run. The item "expenses away from home $300" represents petitioner's costs of meals and lodging while lying over at the Syracuse end of his run, awaiting the return run home. He was required to wait from 16 to 24 hours at Syracuse for such return trip. His meals and lodging at such time amounted to about $3.00 a trip which occurred every other day. Such expenses were necessary business expenses and amounted to at least $300 during the taxable year. The item "Back taxes $205" represents back taxes paid by petitioner to clear the title to a lot of real property which he purchased at tax sale for $100 represented in the next item above listed. The taxes in question were not accrued during the ownership of the property by petitioner. The above listed item of $75 was paid for tearing down an old house on the purchased property above mentioned and for carting away the material thereof. This property was not purchased for profit or business purposes. The above listed item of $58 was expended for insurance on petitioner's car which he used in his business. The above *123 listed item of $18.50 was expended for a license on such car. The above listed item of $24 was for water rent in connection with petitioner's residence property and was a personal expense. The above listed item of $30 represents dues which petitioner paid to the railroad labor union and was necessarily paid to enable petitioner to secure employment as a railroad brakeman. The above listed item of $48 was expended for electric lights in petitioner's residence property and was a personal expense. The above listed item of $1,820 represents the cost to petitioner during the taxable year of supporting seven needy, mmor children of Mrs. Rachel Mahoney. Petitioner took these children into his home and supported them at his own expense during the taxable year 1944 and a number of prior years. The children had not been adopted by petitioner and he had not been appointed their guardian. The support of the children by petitioner was an act of charity. Opinion The following items listed in our findings of fact above are properly allowable as deductions as ordinary and necessary business expenses: Expenses away from home
$300.00
Car insurance
58.00
Car license
18.50
Railroad (labor union) dues
30.00
Total
$406.50
*124 Section 23 (a) (1) Internal Revenue Code. See, also, Section 1.23 (a)-2, Regulations 103 and I.T. 3395, 1940-2 C.B., p. 64. Also Section 2923 (a)-1 and 2 Regulations 111, and I.T. 3634 1944 C.B., p. 90. All other items listed in our findings of fact above were properly disallowed as deductions by respondent. The item of $700 for the wrecked car can not be allowed as a deduction for the reason that there is no evidence either as to the value of the car or upon which to adjust the basis for the loss thereof. It is apparent that the loss was sustained as the result of a "casualty" under the provisions of Section 23 (e) (1) or (3), Internal Revenue Code. However, Section 23 (i) provides that "the basis for determining the amount of deduction for loss sustained to be allowed under subsection (e) * * * shall be the adjusted basis provided in section 113 (b) for determining the loss from the sale or other disposition of property." Section 113 (b) provides that for adjusting such basis account must be taken of "exhaustion, wear and tear, obsolescence * * * and depletion." In other words, depreciation allowed or *125 allowable should be taken into account in adjusting such basis. There is no evidence in the record upon which to make such adjustment. Therefore, the claimed deduction for the item of $700 for the wrecked car must be disallowed. The claimed deduction of $205 for back taxes must be disallowed for the reason that the payment of such amount constituted a part of the cost of the property purchased and not the payment of a tax obligation of petitioner or of property owned by him at the time of its accrual. The claimed deductions for the items $100 and $75 for the purchase of the old house and the cost of tearing down and carting away the material thereof are, obviously, not allowable for the reasons set forth in our findings of fact. The deductions claimed for water rent $24, and electric lights $48, are not allowable for the reason that they represent personal expenses in connection with petitioner's residence property. The deduction of $1,820 claimed for the support of the Mahoney children is not allowable for the reason that they were not legal dependents of petitioner. Decision will be entered under Rule 50.